UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                   :

KUOKWING WU,

                          Plaintiff,

-against-

                          20 Civ. 5786 (LGS)

                          ORDER

EIGHT ORANGES, INC., et al.,

                        Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 20, 2021, Plaintiff's counsel, Troy Law, PLLC ("Troy Law") filed a motion to withdraw as counsel, on the ground that the attorney-client relationship had broken down, making it difficult for Troy Law to comply with Court deadlines, including a deadline to move for conditional certification of a Fair Labor Standards Act collective which was extended from December 21, 2020, to January 8, 2021, (Dkt. No. 35).  Dkt. No. 39.

      WHEREAS, on January 21, 2021, the Court issued an Order directing Plaintiff to file any responsive letter by February 5, 2021.  Dkt. No. 40.

      WHEREAS, no such responsive letter was filed.

      WHEREAS, on February 10, 2021, the Court issued an Order granting Troy Law's motion to withdraw; directing Plaintiff to file a letter informing the Court whether he plans to retain new counsel or dismiss the action by February 17, 2021; and stating that, "[i]f Plaintiff fails to respond, the case may be dismissed for failure to prosecute."  Dkt. No. 42.

      WHEREAS, no such letter was filed.

      WHEREAS, on February 22, 2021, the Court issued an Order directing Plaintiff to file a letter informing the Court whether he plans to retain new counsel or dismiss the action by March 8, 2021, and again stating that, "[i]f Plaintiff fails to respond, the case will be dismissed for failure to prosecute."  Dkt. No. 44.

      WHEREAS, no such letter was filed.

WHEREAS, Federal Rule of Civil Procedure 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." When deciding whether to dismiss a case pursuant to Rule 41(b), courts must consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Heendeniya v. St. Joseph's Hospital Health Cntr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (summary order); *accord Ahmad v. White Plains City School District*, No. 18 Civ. 3416, 2021 WL 366772, at *1 (S.D.N.Y. Feb. 2, 2021).

WHEREAS, Plaintiff has failed to comply with three Court Orders and has been unresponsive since December 2020; Plaintiff was on notice that failure to comply with the Court's February 10, 2021, and February 22, 2021, Orders would result in dismissal of Plaintiff's claims; and Defendant restaurant is likely to be unfairly prejudiced by pro-longed, pending litigation amidst the COVID-19 pandemic, particularly if required to engage in costly pre-motion litigation regarding anticipated motions that Plaintiff has no intention of filing. It is hereby

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to Rule 41(b), for failure to prosecute. The Clerk of Court is respectfully directed to serve a copy of this Order on *pro se* Plaintiff and to close the case.

The Clerk of Court is respectfully directed to serve a copy of this Order on *pro se* Plaintiff and to close the case.

Dated: March 9, 2021
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**